IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| YVETTE INGRAM GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> SAVANAH COLLEGE OF ART AND DESIGN; PAULA WALLACE; GLYNN WALLACE; KELLY EVANS; JOHN BUCKOVICH; KAREN JACKSON; and VICTORIA BROWN, <br><br> Defendants. | CIVIL ACTION NO.: 4:19-cv-320 |

**O R D E R**

Plaintiff filed this action, *pro se*, pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. (Doc. 1.) Concurrent with her Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*, (doc. 2), which the Court has granted, (doc. 3). As set forth below, the Court **DISMISSES** Plaintiff's claims against Defendants Paula Wallace, Glynn Wallace, Sr., Kelly Evans, John Buckovich, Karen Jackson, and Victoria Brown. Moreover, it appears that though Plaintiff states plausible claims of discrimination against Defendant Savannah College of Art and Design, she failed to properly exhaust her administrative remedies on those claims. Thus, the Court **DIRECTS** Plaintiff to respond to this Order in the manner set forth below within **twenty-one (21) days of the date of this Order.**

## PLAINTIFF'S ALLEGATIONS

In her Complaint, Plaintiff states Defendants discriminated against her and subjected her to a hostile and offensive work environment in violation of Title VII and the ADEA.  (Doc. 1, pp. 3–4.)  Plaintiff asserts that she is a fifty-nine-year-old African American female who was previously employed as a Title IX Investigator with the Savannah College of Art and Design.  (Doc. 1-1, p. 1.)  She contends that Defendants mistreated her during her employment, including subjecting her to harassment grounded in racism, and that they took actions against her when she spoke out against their mistreatment.  (Id. at pp. 2–5.)  Plaintiff alleges that she was terminated on February 27, 2019, and that Defendants hired a white female who was younger than her as the new Title IX investigator.  (Id. at p. 4.)  She also claims that white employees were given opportunities to correct deficiencies in their performance while she was fired for similar deficiencies.  (Id. at p. 5.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a complaint filed in conjunction with an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Complaint

Plaintiff sets forth facts that state plausible wrongful termination, hostile work environment, and retaliation claims arising under Title VII and the ADEA. See Thomas v. Seminole Elec. Coop. Inc., 775 Fed. Appx. 651, 656 (11th Cir. 2019) ("To prove a prima facie case for hostile work environment, the plaintiff may establish that: (1) she belonged to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment; and (5) a basis exits for holding the employer liable."); Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015) ("To make a prima facie case of age discrimination [under the ADEA], the employee must show: (1) [s]he was a member of the protected group between the age of forty and seventy; (2) [s]he was subject to an adverse employment action; (3) a substantially younger person filled the position from which he was discharged; and (4) [s]he was qualified to do the job from which he was discharged."); Clark v. S. Broward Hosp. Dist., 601 F. App'x 886, 891 (11th Cir. 2015) ("To establish a prima facie Title VII disparate treatment claim, a plaintiff must show that she (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an

adverse employment action, and (4) was replaced by someone outside the protected class or that her employer treated similarly situated employees outside of her class more favorably.") (internal quotations and citation omitted); Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1248–49 (11th Cir. 2014) (To establish a hostile work environment claim based on race a plaintiff must prove: "(1) that [s]he is a member of a protected class; (2) that [s]he was subjected to unwelcome racial harassment; (3) that the harassment was based on h[er] race; (4) that the harassment was severe or pervasive enough to alter the terms and conditions of h[er] employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for the environment under a theory of either vicarious or direct liability."); Kidd v. Mando Am. Corp., 731 F.3d 1196, 1211 (11th Cir. 2013) ("To make out a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in an activity protected under Title VII; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action.").

However, individual employees are not subject to liability under the federal employment discrimination laws that Plaintiff claims Defendants violated. Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (holding "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act"); Smith v. Lomax, 45 F.3d 402, 404 n. 4 (11th Cir.1995) (individuals "cannot be held liable under the ADEA or Title VII").  Therefore, the Court **DISMISSES** all of Plaintiff's claims against Defendants Paula Wallace, Glynn Wallace Sr., Kelly Evans, John Buckovich, Karen Jackson, and Victoria Brown.

**II.    Initial Review of Exhaustion of Administrative Remedies**

Plaintiff may not sue under Title VII or the ADEA unless she first exhausts her available administrative remedies.  See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).  To that end, an aggrieved employee must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter.  See Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001); see also Minix v. Jeld-Wen, Inc., 237 F. App'x 578, 588 (11th Cir. 2007) (per curiam) (noting that a proper EEOC charge is "a prerequisite to suit"); Underwood v. Apple Inc., No. CV 120-136, 2022 WL 193725, at *3 (S.D. Ga. Jan. 20, 2022) ("Title VII, the ADEA, and the ADA each bar claims not filed within 180 days after the alleged unlawful employment practice took place.").  Generally, "[i]n a 'non-deferral' state, such as Georgia, the plaintiff must file a charge of discrimination with the EEOC within 180 days after the date of the alleged discriminatory act." Coley v. Shaw Indus., Inc., No. 21-10545, 2021 WL 4429818, at *1 (11th Cir. Sept. 27, 2021) (citing 29 C.F.R. § 1626.7(a) and Wilkerson, 270 F.3d at 1317); see also Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003).  If a plaintiff has not received a right to sue letter at the time that suit is filed, the action is subject to dismissal without prejudice.  Burns v. Zadach, No. CV408-197, 2009 WL 136065, at *1 (S.D. Ga. Jan. 20, 2009). Further, a plaintiff proceeding under Title VII must file a civil action in the appropriate district court within 90 days of receiving a right-to-sue letter from the EEOC.  Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000).

In this case, it appears from the face of her Complaint that Plaintiff's charge of discrimination with the EEOC was untimely.

> The 180–day period [to file a charge of discrimination with the EEOC] starts running when the plaintiff receives unequivocal notice of the unlawful employment practice. Grayson v. K Mart Corp., 79 F.3d 1086, 1100 n. 19 (11th Cir. 1996). The filing deadline, though, is extended to the next business day if the 180th day is a Saturday, Sunday, or federal holiday. See Fed. R. Civ. P. 6(a); EEOC Compliance Manual § 2–IV(A)(1) (2000) ("If the deadline falls on a weekend or holiday, it is extended until the next business day.").

Gardner v. Aviagen, 454 F. App'x 724, 727 (11th Cir. 2011). Plaintiff states that she received her letter of separation on February 27, 2019, and that she had already complained of the discriminatory practices before that date. (Doc. 1-1, pp. 2–5.) Thus, it appears she received unequivocal notice of the unlawful employment practice by February 27, 2019, and that she had until 180 days from that date, Monday, August 26, 2019, to file her charge of discrimination. However, Plaintiff did not sign her charge of discrimination until August 27, 2019. (Doc. 1-2, p. 2.) Thus, it appears from the face of her Complaint that it is due to be dismissed for failure to properly exhaust her administrative remedies. However, rather than dismiss her Complaint at this early stage without providing a Plaintiff an opportunity to address this apparent deficiency, the Court will allow Plaintiff to present additional information, argument, and documentation to the Court on the issue of whether she filed a timely charge of discrimination with the EEOC. Plaintiff must present this additional information, argument, and documentation within **twenty-one (21) days of the date of this Order**. If Plaintiff fails to timely respond to this Court, the Court shall dismiss her Complaint for failure to prosecute and failure to abide by the Court's Order.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's claims against Defendants Paula Wallace, Glynn Wallace, Sr., Kelly Evans, John Buckovich, Karen Jackson, and Victoria Brown.  Moreover, the Court **DIRECTS** Plaintiff to respond to this Order in the manner set forth above within **twenty-one (21) days of the date of this Order.**

**SO ORDERED**, this 27th day of April, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA