IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| YVETTE INGRAM GARCIA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:19-cv-320 |
| v. | |
| SAVANNAH COLLEGE OF ART AND DESIGN, | |
| Defendant. | |

**O R D E R**

This matter comes before the Court on Plaintiff's failure to comply with the Court's Orders of April 27, 2022. (Doc. 6.) For the reasons set forth in that Order and below, the Court **DISMISSES** Plaintiff's claims **without prejudice** for failure to exhaust her administrative remedies and failure to prosecute. Moreover, the Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**BACKGROUND**

In her Complaint, Plaintiff claimed that Defendant discriminated against her and subjected her to a hostile and offensive work environment in violation of Title VII and the ADEA. (Doc. 1, pp. 3–4.) In the Court's prior Order, the court dismissed Plaintiff's claims against a number of improperly named defendants. (Doc. 6.) Further, the Court found that while it appears that though Plaintiff states plausible claims of discrimination against Defendant Savannah College of Art and Design, she failed to properly exhaust her administrative remedies on those claims. (Id.) Thus, the Court directed Plaintiff to respond within twenty-one days with additional information regarding whether she filed a timely charge of discrimination with the

EEOC. The Court forewarned Plaintiff that if she failed to timely respond, it would dismiss her Complaint for failure to prosecute and failure to abide by the Court's Orders.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to prosecute and comply with this Court's Order. For the reasons set forth below, the Court **DISMISSES** Plaintiff's claims and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

### I.  Dismissal for Failure to Exhaust, Failure to Prosecute, and Failure to Follow this Court's Orders.

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff on several occasions of the consequences of her failure to comply with this Court's Orders and failure to prosecute this case.

F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). As explained in the Court's prior Order, it readily appears from Plaintiff's Complaint that she failed to timely pursue

3

her available administrative remedies. (Doc. 6, pp. 6—7.) Moreover, Plaintiff has not filed any response to the Court's Order despite being explicitly instructed to do so and notified of the consequences for falling to respond. Additionally, with Plaintiff not having taken any action on this case for approximately eighteen months, she has failed to diligently prosecute her claims. Thus, the Court has no option but to dismiss this case.

## II.     Leave to Appeal *In Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to exhaust her administrative remedies, failure to prosecute, and failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **DISMISSES** this action without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 3rd day of June, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA